UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KARY ALEXIE                                    CIVIL ACTION

VERSUS                                         NO: 07-6793

BISSO MARINE CO., INC., ET                     SECTION: R(5)
AL.

## **ORDER**

Before the Court is the plaintiff, Kary Alexie's, unopposed Motion for Summary Judgment on the issue of coverage. (R. Doc. 29.) Alexie's Motion is GRANTED for the following reasons.

On 19 August 2005, Bisso Marine Co. ("Bisso") entered into a Master Subcontractor's Agreement ("MSA") with C&G Welding, Inc. ("C&G"). (R. Doc. 29-4.) Section 5(a) of the MSA requires C&G and its affiliates to waive subrogation rights in favor of Bisso in all insurance contracts. (R. Doc. 29-4, at 5.) As required by the MSA, C&G Welding and its affiliate Curtis Callais Welding, Inc. ("Callais") obtained a Marine Employer Liability and Worker's Compensation policy from Commerce & Industry Insurance Co. ("Commerce") that contained a blanket waiver of subrogation

endorsement. (R. Doc. 29-5, at 17.)

On 8 January 2007, C&G's employee Kary Alexie was injured aboard a Bisso owned and operated barge. Alexie sued Bisso and C&G's commercial general liability insurance carrier under 33 U.S.C. § 905(b) of the Longshore and Harbor Worker's Compensation Act ("LHWCA"). (R. Doc. 29-7 1-2.) Callais and Commerce later intervened to recover LHWCA benefits paid to or on behalf of Alexie. (R. Doc. 5.)

Alexie now moves for summary judgment on the issue of coverage and requests the dismissal of Callais and Commerce's petition of intervention. Alexie argues that Callais and Commerce waived their rights to subrogation in the MSA and LHWCA policy. (R. Doc. 29-2.)

"Louisiana and federal maritime law generally allow ... waiver of subrogation provisions ...." *Hudson v. Forest Oil*, No. 02-2225, 2003 WL 21276385, at *4 (E.D.La. June 02, 2003). Both the Louisiana Supreme Court and the Fifth Circuit have held that intervention petitions should be dismissed when the intervenors waive the right to re-coop worker's compensation benefits. *Fontenot v. Chevron* 676 So.2d 557, 566 (La. 1996); *Hudson v. Forest Oil Corp.*, 372 F.3d 742, 743-44, 748 (5th Cir. 2004). Further, the Louisiana Supreme Court has held that an injured employee can enforce a subrogation waiver as a third-party

2

beneficiary. 676 So.2d 557, 566 (La. 1996)(*citing Louisiana Civil Code arts. 1979-1981*.) Here, Callais and Commerce waived their rights to recover worker's compensation payments from Bisso for injuries covered by the LHWCA policy. (R. Doc. 29-5, at 17.) These waivers are valid and enforceable by Alexie. *See Fotenot*, 676 So.2d at 566. Because Callais and Commerce waived their rights to subrogation, Alexie's Motion for Summary Judgment is GRANTED and the petition for intervention is DISMISSED.

New Orleans, Louisiana, this 28th day of May 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE